## Shollenberger v. Rickman (No. 1)

*Henry Clay McCormick* of *Furst, McCormick, Muir & Lynn,* for plaintiff.

*Joseph P. Keliher,* for defendant.

WILLIAMS, J., January 13, 1950.—Plaintiff architect has filed a mechanic's lien claim alleging that there is $7,500 due under a contract in which he was to plan and supervise a building for defendant.

The contract appertaining to the work of plaintiff reads as follows:

"The Architect's Services.—The Architect's professional services consist of the necessary conferences, the preparation of preliminary studies, working drawings, specifications, large scale and full size detail drawings; the drafting of forms of proposals and contracts;

the issuance of certificates of payment; the keeping of accounts, the general administration of the business and supervision of the work."

To this claim defendant has filed preliminary objections alleging that the claim fails to allege labor performed and services rendered; that the claim fails to itemize each item of labor performed; that there is nothing in the contract showing anything due other than the $7,500 which plaintiff's claim alleges, and that no arbitration has been made according to provision 12 of the claim.

There appear to be three questions to decide, as follows:

1. May plaintiff as an architect file a claim for mechanics' lien against defendant owner under the facts pleaded?

2. May claimant prosecute the action before submitting the dispute to arbitration according to the facts pleaded?

3. May plaintiff file a claim without showing the basis for which the claim is filed?

It appears from the facts alleged in the claim that plaintiff architect was to prepare plans and drawings, was to keep accounts, and also was to give general administration of the business and supervise the work done. It is alleged in the claim that these services consisted of such supervision, and included the letting of work on a cost-plus basis.

"According to the weight of authority, under a statute conferring in general terms a lien for work and labor furnished, an architect who not only draws the plans, but also superintends the construction of the building, is entitled to a lien on the structure erected": 3 Am. Jur. 1010.

Bank of Pennsylvania v. Gries, 35 Pa. 423, cited by defendant, rules that a mere architect who only furnishes the plans and drawings and performs no services

in erection of the building, is not entitled to a lien, but that an architect employed to make the plans and drawings and to supervise and oversee its erection in accordance therewith is entitled to a lien.

The pleadings in the instant case show that plaintiff was supposed to oversee and supervise the work. He is therefore eligible to make claim under our mechanics' lien laws.

The second contention of defendant is that claimant may not prosecute this action until after he has submitted the dispute to arbitration. A written agreement was signed by the parties, and is attached to the claim as exhibit A. Section 12 of exhibit A reads as follows:

"Arbitration.—All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party."

Previous to the Act of April 25, 1927, P. L. 381, 5 PS §161, as amended by the Act of June 21, 1935, P. L. 400, it was necessary for arbitration agreements to name arbitrators. At the present time, however, any written contract to settle by arbitration except a contract for personal services, is valid.

The Act of 1927, as amended, however, provides a procedure for arbitration in the case of refusal to arbitrate under a written agreement. If defendant wishes to arbitrate it is his duty to follow the procedure as outlined in the act. Where a remedy or method of procedure is provided or duly enjoined by an act of assembly, the directions of such act must be strictly construed and such procedure is exclusive: Act of March 21, 1806, P. L. 558, 46 PS §156. Defendant's affidavit of defense as to this question of law is therefore insufficient: Landy Co. v. Saulsbury Canning Co., 56 York 201.

Defendant's third contention is that the claim does not show the basis on which it was filed. The claim

alleges that $7,500 is due under the terms of the contract. The contract reads as follows:

"The Owner agrees to pay the Architect for such services a fee of six (6%) per cent of the cost of the work, with other payments and reimbursements as hereinafter provided, the said percentage being hereinafter referred to as the 'basic rate'."

The claim nowhere shows the total cost of the work nor does it make any estimate, unless we are to guess the total cost by reason of the amount claimed.

It is the feeling of the court that the claim should show some figure as being the total cost of the work. The architect claimant is allowed to file this type of claim because he alleged that he supervised the work. Certainly he should be able to give at least an estimate of the cost of the work upon which he bases a claim.

The preliminary objections are sustained, plaintiff, however, to have 15 days within which to amend his pleadings.